United States District Court
Southern District of Texas

**ENTERED**

August 24, 2016

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALBERT DE LA GARZA, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION No. H-15-3073 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| *Respondent*. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner, a state inmate proceeding *pro se*, filed this section 2254 habeas petition challenging the execution of his sentence. Respondent filed a motion for summary judgment (Docket Entry No. 14), to which petitioner filed a cross-motion for summary judgment (Docket Entry No. 20).[1]

Having considered the motions, the record, and the applicable law, the Court **GRANTS** respondent's motion for summary judgment, **DENIES** petitioner's cross-motion for summary judgment, and **DISMISSES** this lawsuit for the reasons that follow.

## I. PROCEDURAL BACKGROUND AND CLAIMS

Petitioner was convicted of aggravated robbery with a deadly weapon in 1993 and was sentenced to thirty years' imprisonment. He was released to parole on February 19, 2013. A motion to revoke was lodged against him, and a parole revocation hearing was held on

---

[1]The Court denied petitioner leave to file a supplemental brief. In the interest of justice and completeness, the Court has reviewed the supplemental brief (Docket Entry No. 22) and finds that it would not have changed the disposition of this case.

October 13, 2014. The Texas Board of Pardons and Paroles (the "Board") revoked petitioner's parole on October 16, 2014, and returned him to prison. He was subsequently denied parole on February 9, 2015.

Petitioner filed an application for state habeas relief on June 18, 2015, challenging his 2014 parole revocation and 2015 denial of release to parole. The Texas Court of Criminal Appeals denied habeas relief on September 9, 2015.

Petitioner filed the instant federal habeas petition no earlier than October 8, 2015, raising the following grounds for relief:

1.    Petitioner was denied counsel at the revocation hearing;

2.    Board members abused their discretion by recommending that petitioner's parole be revoked despite mitigating factors;

3.    Petitioner's liberty interest was violated when he was sent back to prison instead of being provided alternative options;

4.    Petitioner was denied due process when Board members "rubber stamped" the decision to revoke his parole;

5.    The denial of petitioner's motion to reopen denied him due process;

6.    A witness misrepresented petitioner's treatment progress;

7.    Petitioner's parole revocation and incarceration were cruel and unusual because he is an addict who relapsed;

8.    Texas's practice of revoking and incarcerating "technical violators" is contrary to evolving concepts of decency;

9.    The Board's reasons for denying petitioner parole were vague, ambiguous, and inaccurate;

2

10.   The Board unlawfully used petitioner's juvenile records to deny parole;

11.   Petitioner was unconstitutionally denied parole because his parole was unlawfully revoked; and

12.   The State's answer and proposed findings of fact and conclusions of law denied petitioner due process.

Respondent argues that these grounds should be denied because they do not raise cognizable grounds for federal habeas relief or are without merit.

## II.   THE APPLICABLE LEGAL STANDARDS

A.   <u>Habeas Review</u>

This petition is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254. Under the AEDPA, federal habeas relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Harrington v. Richter*, 562 U.S. 86, 98–99 (2011); *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000); 28 U.S.C. §§ 2254(d)(1), (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court, or if it confronts a set of facts that are materially indistinguishable from such a decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7–8 (2002).

3

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409. In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id.* at 411. "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Richter*, 562 U.S. at 102. As stated by the Supreme Court,

> If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal.

*Id.*, at 102–03 (emphasis added; internal citations omitted).

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller–El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the

presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller–El*, 537 U.S. at 330–31.

B.    Summary Judgment

In deciding a motion for summary judgment, the district court must determine whether the pleadings, discovery materials, and the summary judgment evidence show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

While summary judgment rules apply with equal force in a section 2254 proceeding, the rules only apply to the extent that they do not conflict with the federal rules governing habeas proceedings. Therefore, section 2254(e)(1), which mandates that a state court's findings are to be presumed correct, overrides the summary judgment rule that all disputed facts must be construed in the light most favorable to the nonmovant. Accordingly, unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, the state court's findings must be accepted as correct by the federal habeas court. *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

C.    Parole Revocation

In *Morrissey v. Brewer*, the Supreme Court held that minimum due process requirements for parole revocations include:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the fact finders as to the evidence relied on and reasons for revoking parole.

408 U.S. 471, 488–90 (1972); *see also Gagnon v. Scarpelli*, 411 U.S. at 778, 786 (1973).

On review of a state prisoner's federal habeas petition, state documents are entitled to a presumption of regularity and must be accorded much evidentiary weight. *Webster v. Estelle*, 505 F.2d 926, 929–30 (5th Cir. 1974). The petitioner carries the burden of rebutting this presumption of regularity by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *see also Bonvillain v. Blackburn*, 780 F.2d 1248, 1250–51 (5th Cir. 1986). Moreover, a federal district court may properly rely upon the regularity of state court documents in preference to a petitioner's self-serving testimony. *Thompson v. Estelle*, 642 F.2d 996, 998 (5th Cir. 1981).

## III.  DENIAL OF PAROLE

Petitioner raises several challenges to the Board's 2015 decision to deny him parole. Specifically, he complains that the Board's reasons for denying parole were vague,

ambiguous, and inaccurate; that the decision unlawfully relied on juvenile offender records; that he merited parole because the 2014 revocation was unlawful; and that he was denied due process during the state habeas proceeding.

The Fifth Circuit Court of Appeals has repeatedly held that Texas prisoners have no constitutionally protected liberty interest in obtaining release on parole. *See Toney v. Owens*, 779 F.3d 330, 341–42 (5th Cir. 2015) (stating that the court has consistently held that Texas prisoners cannot mount a challenge against any state parole review procedure on procedural due process grounds); *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997) ("[B]ecause Texas prisoners have no protected liberty interest in parole they cannot mount a challenge against any state parole review procedure on procedural (or substantive) Due Process grounds."); *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995) ("The applicable Texas parole statutes have been held, however, to confer no such liberty interest."). Petitioner in this case has no constitutionally protected interest in obtaining his release on parole, and the denial of his release on parole violated no fundamental constitutional right.

Likewise, petitioner's complaints regarding his state habeas proceeding raise no cognizable federal habeas claim, as "infirmities in state habeas corpus proceedings do not state a claim for federal habeas corpus relief." *Vail v. Procunier*, 747 F.2d 277 (5th Cir. 1984); *see also Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995).

The state court rejected petitioner's habeas claims. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of,

federal law or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of these claims.

## IV.   REVOCATION OF PAROLE

Petitioner raises the following eight challenges to the Board's decision to revoke his parole on October 16, 2014.

### A.    Denial of Counsel

Petitioner claims that he was denied due process because he was not provided appointed counsel at the revocation hearing. In support, he argues that he was entitled to counsel because he has "borderline intellectual functioning" and suffered from "major depression."

A parole violator does not possess an absolute right to the assistance of counsel during parole revocation proceedings. Indigent parolees have a constitutional right to appointment of counsel at parole revocation hearings only when the "parolee's version of a disputed issue can fairly be represented only by a trained advocate." *Gagnon v. Scarpelli*, 411 U.S. 778, 788 (1973). Although counsel will not be constitutionally necessary in most revocation cases, "fundamental fairness – the touchstone of due process" may dictate that counsel be appointed in a particular case. *Id.* at 790.

Counsel should be provided in cases where the parolee makes such a request, based on a timely and colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public

8

record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present. *Id.* Consideration should also be given to whether the parolee is capable of "speaking effectively for himself." *Id.* at 790–91. States have authority to make a "case-by-case" decision on the need for appointing counsel "in the exercise of a sound discretion." *Id.*

The hearing officer in petitioner's case noted that petitioner was denied appointed counsel because the allegations were not complex, petitioner admitted the allegations, and he understood the proceedings and could speak for himself. Parole Revocation Record at 8. The hearing officer also noted that petitioner was not taking psychotropic medications, was not suicidal, was not hearing voices, could read and write the English language, and had completed three years of college. *Id.* Petitioner does not establish that the hearing officer was incorrect in determining that there were no complex legal issues involved, that he understood the proceedings, or that he had no mental health issues that would impair his defense. Petitioner's disagreement with the hearing officer's decision is insufficient to meet his burden of proof under AEDPA.

The state court rejected petitioner's habeas claims. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

B.     Mitigating Factors and Treatment Status

Petitioner complains that Board members abused their discretion by recommending revocation of petitioner's parole despite mitigating factors in his favor. He further complains that a witness misrepresented his substance abuse treatment progress.

A revocation proceeding is not a criminal trial, and the "the full panoply of rights due a defendant in such a proceeding does not apply[.]" *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972). Moreover, a parolee enjoys no presumption of innocence in context of parole revocation. *Mack v. McCune*, 551 F.2d 251, 254 (5th Cir. 1977). Because a parole revocation is not a criminal proceeding, "All that is required is that the evidence and facts reasonably demonstrate that the person's conduct has not been as good as required by the terms and conditions of his release." *Else v. Johnson*, 104 F.3d 82, 83 (5th Cir. 1997) (holding that no constitutional claim was raised when the Board considered a dismissed criminal charge during a parole revocation hearing); *Mack*, 551 F.2d. at 254. The Board's decision to revoke will be upheld on federal habeas review if there is "some evidence" in the record to support the decision. *Villareal v. United States Parole Comm'n.*, 985 F.2d 835, 839 (5th Cir. 1993) ("In addressing this issue, we observe that our review of the decisions of the Parole Commission is quite circumscribed. We simply ask whether 'there is some evidence' in the record to support the Commission's decision. Once that minimum threshold is met, we must affirm.").

The Certificate of Parole in this case, signed by petitioner on February 19, 2013, establishes that complying with Super Intensive Supervision Program conditions, residing in an approved place, reporting as directed by his parole officer, and attending substance abuse counseling sessions were conditions of his release. Parole Revocation Record at 3. At the revocation hearing, petitioner admitted that he failed to submit to the electronic monitoring program on two occasions, did not reside in an approved place, and did not report as directed by his parole officer. *Id.* at 11–12. Additionally, a violation report, a confidential Discharge Summary, a daily activity schedule, and testimony of petitioner's parole officer were all relied on as evidence that petitioner violated the conditions of his parole six different times. *Id.* at 12. There was constitutionally sufficient evidence in the hearing record to support the finding that petitioner did not satisfy the conditions of his release and the decision that his parole should be revoked.

The state court rejected petitioner's habeas claims. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

C.     Lack of Alternative Options

Petitioner next claims that he was denied due process when he was sent back to prison instead of being provided alternative options.

11

Petitioner had no constitutionally protected liberty interest in being provided additional substance abuse treatment or other options following, or in lieu of, parole revocation. The Board was authorized to revoke petitioner's parole and return him to prison, as set forth in the documents signed by petitioner when he was released to parole. Parole Revocation Record at 11–12. Petitioner cites no Supreme Court authority obligating the Board to continue his substance abuse treatment program in light of his parole violations, and the Court finds none. Petitioner's argument raises no cognizable federal habeas claim, and no grounds for habeas relief are presented.

The state court rejected petitioner's habeas claims. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

D.    "Rubber Stamped" Revocation

Petitioner claims that he was denied due process when Board members "rubber stamped" the decision to revoke his parole.

Petitioner's claim is speculative, conclusory, and unsupported by any probative evidence in the record. Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition, unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value. *Ross v. Estelle*, 694 F.2d 1008, 1011–12 (5th Cir. 1983). Conclusory allegations do not state

a claim for federal habeas corpus relief and are subject to summary dismissal. *See Koch v. Puckett*, 907 F.2d 524, 529 (5th Cir. 1990).

The state court rejected petitioner's habeas claims. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

E.    Refusal to Reopen Case

Petitioner next complains that the Board's decision to deny his motion to reopen the revocation proceedings denied him due process.

Petitioner's argument is not cognizable as it raises no issue of a federal constitutional dimension. At most, petitioner's claim is grounded in state law. *See* 37 Tex. Admin. Code § 146.11. In conducting habeas review, a federal court is limited to deciding whether a conviction or related proceeding violated federal law. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Petitioner presents no relevant Supreme Court authority showing that state statutory procedures for reopening revocation proceedings carry with them a protected liberty interest.

The state court rejected petitioner's habeas claims. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

F.    Cruel and Unusual Punishment

Petitioner states that his parole revocation and incarceration constitute cruel and unusual punishment because he is an addict who relapsed and needs additional treatment.

It is well established that imprisonment, standing alone, does not constitute cruel and unusual punishment. *Ingraham v. Wright*, 430 U.S. 651, 670 (1997) (noting that the conditions of confinement, not the confinement itself, can give rise to cruel and unusual punishment). Petitioner has no constitutional right to be provided substance abuse treatment in lieu of incarceration following parole revocation, and he cites no Supreme Court authority to the contrary. Petitioner's complaint raises no viable issue of a constitutional dimension, and no grounds for habeas relief are shown.

The state court rejected petitioner's habeas claims. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

G.    Technical Violations

Petitioner argues that Texas's practice of revoking and incarcerating "technical violators" is contrary to evolving concepts of decency. He fails, however, to show that such practices violate the federal constitution.

To the contrary, it is well established that parole may be revoked for "technical" violations of conditions of release. *See Villarreal v. United States Parole Comm'n*, 985 F.2d

835, 839 (5th Cir. 1993).  Petitioner fails to cite any Supreme Court authority establishing that revocation of parole and incarceration for technical parole violations offends the federal constitution.  Petitioner's argument raises no cognizable federal habeas claim, and habeas relief is unwarranted.

The state court rejected petitioner's habeas claims.  Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law or was an unreasonable determination of the facts based on the evidence in the record.  Respondent is entitled to summary judgment dismissal of this claim.

## V.  CONCLUSION

Respondent's motion for summary judgment (Docket Entry No. 14) is **GRANTED**, petitioner's cross-motion for summary judgment (Docket Entry No. 20) is **DENIED**, and this lawsuit is **DISMISSED WITH PREJUDICE**.  Any and all pending motions are **DENIED AS MOOT**.  A certificate of appealability is **DENIED**.

Signed at Houston, Texas, on this the 23rd day of August, 2016.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE